# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Cr. No. 15-10145-RGS |
| | ) | |
| v. | ) | VIOLATIONS: |
| | ) | |
| 1. DEMETRIUS WILLIAMS, a/k/a "Troll," | ) | 21 U.S.C. § 846 -- |
| 2. YANCEY WILLIAMS, a/k/a "Yung," | ) | Conspiracy to Distribute Cocaine |
| 3. TEVIN ABERCROMBIE, | ) | Base, Cocaine, and Heroin |
| 4. ROBERTO ANDRADE, | ) | |
| 5. YANCEY CALHOUN, a/k/a "Pops," | ) | 18 U.S.C. § 1962(d) -- |
| 6. ANTHONY COPLIN, | ) | Conspiracy to Conduct Enterprise |
| 7. BENJAMIN FIGUEROA, | ) | Affairs Through a Pattern of |
| 8. DERONN FUNCHES, a/k/a "Slim Dealz," | ) | Racketeering Activity |
| 9. MICHAEL GAINES, a/k/a "Holiday," | ) | |
| 11. LORENZO MYERS, a/k/a "Zo," | ) | 18 U.S.C. § 1959 -- |
| 12. LOUIS WHITEHEAD, a/k/a "L," and a/k/a "Little Man," | ) | Violent Crime in Aid of Racketeering – Assault With A Dangerous Weapon |
| 13. ARTHUR WILLIAMS, a/k/a "G," and a/k/a "G-Code," and a/k/a "G-Source," | ) | |
| 15. SEKOU WILLIAMS, a/k/a "Shoes," | ) | 18 U.S.C. § 924(c)(1) -- |
| 16. DESMOND CRAWFORD, a/k/a "Dez," | ) | Using and Carrying |
| 17. HERBERT SMALL, a/k/a "Cakes," and | ) | a Firearm During the Commission of |
| 18. VANDELL WOODS, a/k/a "Hunnit Bandz," and a/k/a "Bandz." | ) | a Crime of Violence |
| Defendants. | ) | |
| | ) | 18 U.S.C. § 922(g) -- |
| | ) | Felon in Possession of a Firearm and Ammunition |
| | ) | |
| | ) | 18 U.S.C. § 2 -- |
| | ) | Aiding and Abetting |
| | ) | |
| | ) | 21 U.S.C. § 853 -- |
| | ) | Criminal Forfeiture Allegation |
| | ) | |
| | ) | 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c) -- Criminal Forfeiture Allegation |

1

# SUPERSEDING INDICTMENT

<u>COUNT ONE</u>:     (Title 21, United States Code, Section 846 -- Conspiracy to Distribute Cocaine Base, Cocaine, and Heroin)

The Grand Jury charges that:

1. From a time unknown to the Grand Jury and continuing until on or about June 18, 2015, at Boston, and elsewhere in the District of Massachusetts, at Portland, and elsewhere in the District of Maine, and at other places presently known and unknown:

|     |     |
| --- | --- |
| 1.  | DEMETRIUS WILLIAMS, a/k/a "Troll," |
| 2.  | YANCEY WILLIAMS, a/k/a "Yung," |
| 3.  | TEVIN ABERCROMBIE, |
| 4.  | ROBERTO ANDRADE, |
| 5.  | YANCEY CALHOUN, a/k/a "Pops," |
| 6.  | ANTHONY COPLIN, |
| 7.  | BENJAMIN FIGUEROA, |
| 8.  | DERONN FUNCHES, a/k/a "Slim Dealz," |
| 9.  | MICHAEL GAINES, a/k/a "Holiday," |
| 11. | LORENZO MYERS, a/k/a "Zo," |
| 12. | LOUIS WHITEHEAD, a/k/a "L," and a/k/a "Little Man," |
| 13. | ARTHUR WILLIAMS, a/k/a "G," and a/k/a "G-Code," and a/k/a "G-Source," |
| 15. | SEKOU WILLIAMS, a/k/a "Shoes," and |
| 17. | HERBERT SMALL, a/k/a "Cakes," |

the defendants herein, did knowingly and intentionally combine, conspire, confederate and agree with each other, and with other persons known and unknown to the Grand Jury, to distribute, and to possess with intent to distribute, cocaine, a Schedule II controlled substance, cocaine base, a Schedule II controlled substance, and heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

2. The Grand Jury further charges that the conspiracy described herein involved 5 kilograms or more of a mixture and substance containing a detectable amount of cocaine, a

Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(A)(ii). Accordingly, Title 21, United States Code, Section 841(b)(1)(A)(ii), is applicable to this count.

3. The Grand Jury further charges that 5 kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, are attributable and were reasonably foreseeable to defendant **DEMETRIUS WILLIAMS**. Accordingly, Title 21, United States Code, Section 841(b)(1)(A)(ii), is applicable to this count as to this defendant.

4. The Grand Jury further charges that 500 grams or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, are attributable and were reasonably foreseeable to defendants **ANTHONY COPLIN, LOUIS WHITEHEAD,** and **ARTHUR WILLIAMS**. Accordingly, Title 21, United States Code, Section 841(b)(1)(B)(ii), is applicable to this count as to these three defendants.

5. The Grand Jury further charges that the conspiracy described herein involved 280 grams of a mixture and substance containing a detectable amount of cocaine base, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(A)(iii). Accordingly, Title 21, United States Code, Section 841(b)(1)(A)(iii), is applicable to this count.

6. The Grand Jury further charges that 280 grams or more of a mixture and substance containing a detectable amount of cocaine base, a Schedule II controlled substance, are attributable and were reasonably foreseeable to defendant **DEMETRIUS WILLIAMS**. Accordingly, Title 21, United States Code, Section 841(b)(1)(A)(iii), is applicable to this count as to this defendant.

7. The Grand Jury further charges that 28 grams or more of a mixture and substance containing a detectable amount of cocaine base, a Schedule II controlled substance, are attributable

and were reasonably foreseeable to defendants **YANCEY WILLIAMS, TEVIN ABERCROMBIE, ROBERTO ANDRADE, YANCEY CALHOUN, BENJAMN FIGUEROA, MICHAEL GAINES,** and **SEKOU WILLIAMS.** Accordingly, Title 21, United States Code, Section 841(b)(1)(B)(iii), is applicable to this count as to these seven defendants.

8. The Grand Jury further charges that the conspiracy described herein involved 100 grams or more of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(B)(i). Accordingly, Title 21, United States Code, Section 841(b)(1)(B)(i), is applicable to this count.

9. The Grand Jury further charges that 100 grams or more of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, are attributable and were reasonably foreseeable to defendants **DEMETRIUS WILLIAMS** and **ARTHUR WILLIAMS.** Accordingly, Title 21, United States Code, Section 841(b)(1)(B)(i), is applicable to this count as to these two defendants.

All in violation of Title 21, United States Code, Section 846.

**COUNT TWO:** (Title 18, United States Code, Section 1962(d) – Conspiracy to Conduct Enterprise Affairs Through A Pattern Of Racketeering Activity)

The Grand Jury further charges that:

## The Enterprise

At various times material to this superseding indictment:

10. Defendants **DEMETRIUS WILLIAMS**, a/k/a "Troll," **YANCEY WILLIAMS**, a/k/a "Yung," **LOUIS WHITEHEAD**, a/k/a "L," a/k/a "Little Man," **ARTHUR WILLIAMS**, a/k/a "G," a/k/a "G-Code," a/k/a "G-Source," **DESMOND CRAWFORD**, a/k/a "Dez," **HERBERT SMALL**, a/k/a "Cakes," and **VANDELL WOODS**, a/k/a "Hunnit Bandz," and a/k/a "Bandz" (collectively "Defendants"), and others known and unknown, were leaders, members and associates of an organization whose leaders, members and associates engaged in, among other things, murder, conspiracy to commit murder, attempted murder, assault with intent to commit murder, violations of the Hobbs Act (relating to interference with commerce through robbery and extortion), robbery, conspiracy to distribute drugs (including cocaine, cocaine base, and heroin), and distribution of drugs (including cocaine, cocaine base, and heroin). At all relevant times, this organization, known as the Columbia Point Street Gang, a/k/a "Columbia Point Dawgs," a/k/a "The Point," operated in the District of Massachusetts and elsewhere.

11. The Columbia Point Street Gang, a/k/a "Columbia Point Dawgs," a/k/a "The Point," including its leaders, members and associates, constituted an "enterprise," as defined by Title 18, United States Code, Section 1961(4) (hereinafter "the Columbia Point Street Gang" or the "Enterprise"), that is, a group of individuals associated in fact. The Columbia Point Street Gang constituted an ongoing organization whose leaders, members and associates functioned as a continuing unit for the common purpose of achieving the objectives of the Columbia Point Street

Gang. The Columbia Point Street Gang was engaged in, and its activities affected, interstate and foreign commerce.

### Purposes of the Enterprise

12. The purposes of the Enterprise included the following:

a. Enriching the leaders, members and associates of the Columbia Point Street Gang, a/k/a "Columbia Point Dawgs," a/k/a "The Point," through, among other things, drug trafficking and robbery.

b. Controlling illegal activities such as drug trafficking in and around Boston, Massachusetts, Portland, Maine, and elsewhere.

c. Preserving, protecting and expanding the power of the Columbia Point Street Gang, a/k/a "Columbia Point Dawgs," a/k/a "The Point," through the use of intimidation, violence, threats of violence, assaults, and murders.

d. Promoting and enhancing the Columbia Point Street Gang, a/k/a "Columbia Point Dawgs," a/k/a "The Point," and the activities of its leaders, members and associates.

### The Means and Methods of The Enterprise

13. Among the means and methods by which the defendants and their associates conducted and participated in the conduct of the affairs of the Enterprise were the following:

a. Leaders, members and associates of the Columbia Point Street Gang, a/k/a "Columbia Point Dawgs," a/k/a "The Point," used the Columbia Point Street Gang to commit, attempt and threaten to commit, acts of violence, including murder and assault, to protect and expand the Columbia Point Street Gang's criminal operations, including intimidating potential witnesses to the Columbia Point Street Gang's illegal activities.

b.  Leaders, members and associates of the Columbia Point Street Gang, a/k/a "Columbia Point Dawgs," a/k/a "The Point," used the Columbia Point Street Gang to promote a climate of fear through violence and threats of violence in order to intimidate potential rivals to the Columbia Point Street Gang and its illegal activities, and to intimidate potential witnesses to the Columbia Point Street Gang's illegal activities.

c.  Leaders, members and associates of the Columbia Point Street Gang, a/k/a "Columbia Point Dawgs," a/k/a "The Point," promulgated certain rules to be followed by all participants in the Enterprise including the rule that a participant in the Enterprise not act as an informant for law enforcement authorities regarding the criminal activities of the Enterprise. To enforce the rules of the Columbia Point Street Gang, the leaders, members and associates of the Columbia Point Street Gang murdered, attempted to murder, assaulted and threatened those participants in the Columbia Point Street Gang and others who violated the rules or posed a threat to the Columbia Point Street Gang.

d.  Leaders, members and associates of the Columbia Point Street Gang distributed and conspired to distribute controlled substances, including cocaine, cocaine base, oxycodone and heroin, in Boston, Fall River, Brockton, and Framingham in the District of Massachusetts, and in Portland in the District of Maine, and elsewhere, which affected interstate and foreign commerce.

e.  Leaders, members and associates of the Columbia Point Street Gang and their associates possessed, carried and used firearms to protect their operations from theft, robbery, and competition from others. These weapons were possessed, carried and used for various reasons, including but not limited to: to protect the Columbia Point Street Gang's narcotics and the proceeds of drug distribution; to ensure that drug distribution activities were controlled by the

7

leaders, members and associates of the Columbia Point Street Gang; to intimidate others from attempting to steal the Columbia Point Street Gang's narcotics and proceeds from drug distribution; and to ensure the personal safety of leaders, members and associates of the Columbia Point Street Gang.

f.  To generate income, participants in the Columbia Point Street Gang commited robberies, including armed robberies and home invasions.

g.  To generate income, participants in the Columbia Point Street Gang were entitled to conduct, and, in fact, conducted illegal activities under the protection of the Columbia Point Street Gang.

### The Racketeering Conspiracy

14.  From a time unknown to the Grand Jury and continuing until on or about December 22, 2015, at Boston, and elsewhere in the District of Massachusetts, at Portland, and elsewhere in the District of Maine, and at other places presently known and unknown:

> 1.  **DEMETRIUS WILLIAMS**, a/k/a "Troll,"
> 2.  **YANCEY WILLIAMS**, a/k/a "Yung,"
> 12. **LOUIS WHITEHEAD**, a/k/a "L," and a/k/a "Little Man,"
> 13. **ARTHUR WILLIAMS**, a/k/a "G," and a/k/a "G-Code," and a/k/a "G-Source,"
> 16. **DESMOND CRAWFORD**, a/k/a "Dez,"
> 17. **HERBERT SMALL**, a/k/a "Cakes," and
> 18. **VANDELL WOODS**, a/k/a "Hunnit Bandz," and a/k/a "Bandz,"

the defendants herein, and others known and unknown to the Grand Jury, being persons employed by and associated with the Columbia Point Street Gang (as defined in paragraph 10), an enterprise which was engaged in, and the activities of which affected, interstate and foreign commerce, did knowingly conspire with each other, and with other persons known and unknown to the grand jury,

to violate Title 18, United States Code, Section 1962(c), that is, to conduct and participate, directly and indirectly, in the conduct of the affairs of that enterprise through a pattern of racketeering activity, as that term is defined by Title 18, United States Code, Sections 1961(1) and (5).

15. It was part of the conspiracy that the defendants agreed that a conspirator would commit at least two acts of racketeering activity in the conduct of the affairs of the enterprise.

### The Pattern of Racketeering

16. The pattern of racketeering activity, as defined in Title 18, United States Code, Sections 1961(1) and 1961(5), through which **DEMETRIUS WILLIAMS**, a/k/a "Troll," **YANCEY WILLIAMS**, a/k/a "Yung," **LOUIS WHITEHEAD**, a/k/a "L," a/k/a "Little Man," **ARTHUR WILLIAMS**, a/k/a "G," a/k/a "G-Code," a/k/a "G-Source," **DESMOND CRAWFORD**, a/k/a "Dez," **HERBERT SMALL**, a/k/a "Cakes," and **VANDELL WOODS**, a/k/a "Hunnit Bandz," a/k/a "Bandz," and their co-conspirators agreed to conduct and participate in the conduct of the affairs of the enterprise, the Columbia Point Street Gang, consisted of:

a. multiple offenses involving narcotics trafficking, in violation of Title 21, United States Code, Sections 841 and 846;

b. multiple acts involving murder, in violation of Massachusetts General Laws, Chapter 265, Section 1 (murder), Section 16 (attempt to murder), Section 15 (assault with intent to murder), and Section 18 (armed assault with intent to rob or murder), and in violation of Massachusetts General Laws, Chapter 274, Section 7 (conspiracy to commit murder);

c. multiple acts involving robbery, in violation of Massachusetts General Laws, Chapter 265, Section 17 (armed robbery), and Section 19 (unarmed robbery), and in violation of Massachusetts General Laws, Chapter 274, Section 6 (attempted robbery) and Section 7

9

(conspiracy to rob); and

  d. multiple acts indictable under Title 18, United States Code, Section 1951 (relating to interference with commerce, robbery, and extortion).

All in violation of Title 18, United States Code, Section 1962(d).

# COUNT THREE: (Title 18, United States Code, Section 1959(a)(3) – Violent Crime in Aid of Racketeering – Assault With A Dangerous Weapon)

The Grand Jury further charges that:

17. Paragraphs 10 - 13 of this superseding indictment are re-alleged and incorporated by reference as though fully set forth herein.

18. The Columbia Point Street Gang, a/k/a "Columbia Point Dawgs," a/k/a "The Point," including its leaders, members and associates, constituted an enterprise as defined in Title 18, United States Code, Section 1959(b)(2), that is, a group of individuals associated in fact that was engaged in, and the activities of which affected, interstate and foreign commerce. The Columbia Point Street Gang constituted an ongoing organization whose leaders, members and associates functioned as a continuing unit for a common purpose of achieving the objectives of the Gang.

19. The Columbia Point Street Gang, a/k/a "Columbia Point Dawgs," a/k/a "The Point," through its leaders, members and associates, engaged in racketeering activity as defined in Title 18, United States Code, Sections 1959(b)(1) and 1961(1), namely: offenses involving narcotics trafficking in violation of Title 21, United States Code, Sections 841 and 846; multiple acts involving murder, in violation of Massachusetts General Laws, Chapter 265, Section 1 (murder), Section 16 (attempt to murder), Section 15 (assault with intent to murder), and Section 18 (armed assault with intent to rob or murder), and in violation of Massachusetts General Laws, Chapter 274, Section 7 (conspiracy to commit murder); multiple acts involving robbery, in violation of Massachusetts General Laws, Chapter 265, Section 17 (armed robbery) and Section 19 (unarmed robbery), and in violation of Massachusetts General Laws, Chapter 274, Section 6 (attempted robbery) and Section 7 (conspiracy to rob); and acts indictable under Title 18, United

States Code, Section 1951 (relating to interference with commerce, robbery, and extortion).

20. On or about March 27, 2015, within the District of Massachusetts, for the purpose of gaining entrance to and maintaining and increasing position in the Columbia Point Street Gang, a/k/a "Columbia Point Dawgs," a/k/a "The Point," an Enterprise engaged in racketeering activity,

16. **DESMOND CRAWFORD**, a/k/a "Dez,"

defendant herein, did assault John Doe with a dangerous weapon, in violation of Massachusetts General Laws, Chapter 265, Section 15B.

All in violation of Title 18, United States Code, Sections 1959(a)(3) and 2.

**COUNT FOUR:** (Title 18, United States Code, Section 924(c) – Using, Displaying, and Carrying a Firearm During the Commission of a Crime of Violence)

The Grand Jury further charges that:

21. On or about March 27, 2015, at Boston, in the District of Massachusetts,

16. **DESMOND CRAWFORD**, a/k/a "Dez,"

the defendant herein, during and in relation to a crime of violence for which the defendant may be prosecuted in a court of the United States, namely, assault with a dangerous weapon in aid of racketeering, in violation of Title 18, United States Code, Section 1959(a)(3), the crime charged in Count Three of this superseding indictment, did knowingly use and carry a firearm, that is, a handgun.

All in violation of Title 18, United States Code, Section 924(c)(1).

**COUNT FIVE:** (Title 18, United States Code, Section 922(g)(1) – Felon in Possession of a Firearm and Ammunition)

The Grand Jury further charges that:

22. On or about December 4, 2014, at Boston, in the District of Massachusetts,

3. **TEVIN ABERCROMBIE,**

the defendant herein, having previously been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess in and affecting commerce a firearm and ammunition, to wit: a Hi-Point, Model C-9, 9mm Luger semiautomatic pistol, bearing serial number P1447055 and containing 6 rounds of 9 millimeter Luger ammunition.

All in violation of Title 18, United States Code, Section 922(g)(1).

**COUNT SIX:** (Title 18, United States Code, Section 922(g)(1) – Felon in Possession of a Firearm and Ammunition)

The Grand Jury further charges that:

23. On or about November 25, 2015, in the District of Massachusetts,

16. **DESMOND CRAWFORD**, a/k/a "Dez,"

the defendant herein, having previously been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess in and affecting commerce a firearm and ammunition, to wit: a Glock, .45 caliber semiautomatic pistol, bearing serial number YVT194 and containing 7 rounds of ammunition.

All in violation of Title 18, United States Code, Section 922(g)(1).

# DRUG FORFEITURE ALLEGATION
(Title 21, United States Code, Section 853)

The Grand Jury further charges that:

24. As a result of the offense alleged in Count One of this superseding indictment:

    1. **DEMETRIUS WILLIAMS**, a/k/a "Troll,"
    2. **YANCEY WILLIAMS**, a/k/a "Yung,"
    3. **TEVIN ABERCROMBIE**,
    4. **ROBERTO ANDRADE**,
    5. **YANCEY CALHOUN**, a/k/a "Pops,"
    6. **ANTHONY COPLIN**,
    7. **BENJAMIN FIGUEROA**,
    8. **DERONN FUNCHES**, a/k/a "Slim Dealz,"
    9. **MICHAEL GAINES**, a/k/a "Holiday,"
    11. **LORENZO MYERS**, a/k/a "Zo,"
    12. **LOUIS WHITEHEAD**, a/k/a "L," and a/k/a "Little Man,"
    13. **ARTHUR WILLIAMS**, a/k/a "G," and a/k/a "G-Code," and a/k/a "G-Source,"
    15. **SEKOU WILLIAMS**, a/k/a "Shoes," and
    17. **HERBERT SMALL**, a/k/a "Cakes,"

the defendants herein, shall forfeit to the United States, jointly and severally, any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such violations; and/or any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, any such violations, including but not limited to:

    (a) one black 2006 Mercedes Benz E350 bearing VIN WDBUF87J26X181761 and Massachusetts registration 1FG638;

    (b) one white 2007 Mercedes Benz S550 bearing VIN WDDNG71XX7A042238 and Massachusetts registration 1WE545;

    (c) one black 2007 Mercedes Benz GL450 bearing VIN 4JGBF71E57A185995 and Massachusetts registration 1MA773;

    (d) one blue 2007 Nissan Altima bearing VIN 1N4AL21E37C181952 and Massachusetts registration 777XV9;

- (e) one red 2007 Maserati Quattro sedan bearing VIN ZAMCE39A270028447 and Massachusetts registration 724TE4; and

- (f) $50,040 from the bail account at Boston Municipal Court, which was tendered in the form of a Citizens Bank official check number 512726440-5, dated September 28, 2014, used to bail Demetrius Williams, relative to Boston Municipal Court Docket Number 1401CR06043.

25. If any of the property described in paragraph 1, above, as a result of any act or omission of the defendants –

- (a) cannot be located upon the exercise of due diligence;
- (b) has been transferred or sold to, or deposited with, a third party;
- (c) has been placed beyond the jurisdiction of the Court;
- (d) has been substantially diminished in value; or
- (e) has been commingled with other property which cannot be subdivided without difficulty;

it is the intention of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the property described in paragraph 1 above, including but not limited to:

- (a) one blue 1970 Buick Electra bearing VIN 484670H104030 and Massachusetts registration 49VF62.

All pursuant to Title 21, United States Code, Section 853.

# GUN FORFEITURE ALLEGATION
(Title 18, United States Code, Section 924(d) and
Title 28, United States Code, Section 2461(c))

The Grand Jury further charges that:

26. Upon conviction of the offense alleged in Count Five of this superseding indictment:

### 3. TEVIN ABERCROMBIE,

defendant herein, shall forfeit to the United States, any firearms or ammunition involved in or used in any knowing commission of the offense, including, but not limited to the following:

(a) one Hi-Point, Model C-9, 9mm Luger semiautomatic pistol, bearing serial number P1447055 and containing 6 rounds of 9 millimeter Luger ammunition.

27. Upon conviction of the offense alleged in Count Six of this superseding indictment:

### 16. DESMOND CRAWFORD, a/k/a "Dez,"

defendant herein, shall forfeit to the United States, any firearms or ammunition involved in or used in any knowing commission of the offense, including, but not limited to the following:

(a) a Glock, .45 caliber semiautomatic pistol, bearing serial number YVT194 and containing 7 rounds of ammunition.

28. If any of the property described in paragraphs 26 and 27, above, as a result of any act or omission of the defendant –

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the Court;

(d) has been substantially diminished in value; or

    (e)  has been commingled with other property which cannot be subdivided without difficulty;

it is the intention of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the property described in paragraph 1 above.

  All pursuant to Title 18, United States Code, Section 924(d), and Title 28, United States Code, Section 2461(c).

A TRUE BILL,

_____
FOREPERSON OF THE GRAND JURY


_____
EMILY CUMMINGS
MICHAEL J. CROWLEY
Assistant U.S. Attorneys


DISTRICT OF MASSACHUSETTS					December 22, 2015

Returned into the District Court by the Grand Jurors and filed.

_____
Deputy Clerk

@ 12:12 PM
12/22/15